IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STACY ROBIN WILLIAM, JR.,                                                                                    PLAINTIFF.

v.                      Civil No. 1:22-CV-01055-SOH-BAB

SERGEANT CHARLES ELLIS, Ouachita
County Detention Center.                                                                                      DEFENDANT.

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Stacy Robin William, Jr., an inmate at the Ouachita County Detention Center ("OCDC") serving time on a parole violation, filed the above-captioned civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP Application") and directed Plaintiff to submit an amended complaint. (ECF No. 6). Having received Plaintiff's Amended Complaint, (ECF No. 8), this matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's official capacity claim against Defendant Sergeant Charles Ellis be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

1

## I. BACKGROUND

In this case, Plaintiff's First Amended Complaint—which is now the operative pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure[1]—alleges that on or about August 25, 2022, he was exiting the shower and returning to his rack when he saw Sergeant Ellis arguing with an inmate, whose name is unknown to him. (ECF No. 8). Plaintiff claims that Defendant Sergeant Ellis turned off his body camera, came upstairs, and allowed the inmate to assault him, causing him to lose vision in his right eye. *Id.* Plaintiff also alleges that he had a black eye for approximately 2 weeks. Plaintiff claims that the assault would have been captured on all the cameras in G-pod. Plaintiff identifies Sergeant Ellis as a defendant in both his official and personal capacities. *Id.* Plaintiff requests compensatory and punitive damages.

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way

---

[1] Accordingly, the Court considers the First Amended Complaint as a standalone document, which supersedes—and does not supplement—the original complaint. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.200)

2

that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. LEGAL ANALYSIS

In a § 1983 action such as this one, the essential elements of the claim are "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

The Eighth Amendment "requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (quoting *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007)). But prison officials "violate this right only when they exhibit a deliberate or callous indifference to an inmate's safety." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). To prevail on a failure-to-protect claim like this one, the plaintiff must make two showings: "(1) an objective component, that there was a substantial risk of harm to the inmate, and (2) a subjective component, that the prison official was deliberately indifferent to that risk." *Id.* Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996).

Here, Plaintiff alleges that Defendant Sergeant Ellis was aware he was being assaulted by another inmate but did not intervene thereby failing to protect him from harm. (ECF No. 8). For the limited purpose of preservice screening pursuant to 28 U.S.C. § 1915A(a), this Court finds that these allegations—which this Court must assume as true—establish a plausible claim for failure

to protect against Defendant Sergeant Ellis in his individual capacity.

Plaintiff, however, also identifies Defendant Sergeant Ellis in his official capacity. An official capacity claim against a defendant is the equivalent to a claim against the municipal entity who employs him, here, Ouachita County, Arkansas. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). To sustain such a claim, a plaintiff must establish that the alleged constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016).

In this case, Plaintiff's "official capacity" claim against Defendant Sergeant Ellis fails because he does not allege that the Defendant was acting pursuant to an unconstitutional policy when the alleged violation occurred. *See Hayes v. Faulkner County*, 388 F.3d 669, 674 (8th Cir. 2004) ("A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or official responsible for establishing final policy with respect to the subject matter in question."). Further, Plaintiff does not allege sufficient facts to establish that Defendant Ellis was acting pursuant to custom—that is, that there was "a pattern of persistent and widespread unconstitutional practices which became so permanent and well settled as to have the effect and force of law." *Jane Doe A By and Through Jane Doe B v. Special School District of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Finally, Plaintiff does not allege that the constitutional violation resulted from a failure to properly train. Accordingly, Plaintiff's "official capacity" claim as to Defendant Sergeant Ellis fails as a matter of law.

## IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court

recommends that Plaintiff's claim against Defendant Sergeant Charles Ellis in his official capacity be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). It is further recommended that Plaintiff's remaining claim—the "failure to protect" claim against Defendant Sergeant Charles Ellis in his individual capacity—survive preservice screening.

This Court will enter a separate order directing the United States Marshals Service to serve Defendant Sergeant Charles Ellis with a copy of the First Amended Complaint, *see* (ECF No. 8), and directing Defendant to file an Answer to the First Amended Complaint with respect to this surviving claim.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 9th day of November 2022.

/s/ *Barry A. Bryant*
―――――――――――――――――――
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE