IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STACY ROBIN WILLIAMS, JR.                                                                                              PLAINTIFF

v.                                           Case No. 1:22-cv-1055

SERGEANT CHARLES ELLIS,
Ouachita County Detention Center                                                                                       DEFENDANT

**ORDER**

On September 28, 2022, Plaintiff Stacy Robin Williams, Jr. filed this *pro se* civil rights action. ECF No. 1. Plaintiff was granted Leave to Proceed *in forma pauperis* (IFP) on October 18, 2022, (ECF No. 6), one day after the court received his complete IFP application (ECF No. 5). Before the Court is Plaintiff's failure to comply with orders of the Court.

In the Court's order granting Plaintiff's IFP application, the Court also ordered Plaintiff to inform the Court of any change in his address within thirty days of any such change. On January 25, 2023, this Court mailed Plaintiff a copy of its Order adopting the Honorable Barry A. Bryant's Report and Recommendation to Plaintiff's last known address. ECF No. 15. On February 6, 2023, Defendant filed a Motion to Dismiss on the grounds that Plaintiff has failed to comply with Local Rule 5.5(c)(2), which requires pro se parties to promptly notify the Court and other parties of any change in address. ECF No. 16. On February 9, 2023, the Court's Order (ECF No. 15) was returned as undeliverable and marked "RTS: no longer here" (ECF No. 19). That same day, the Court issued an order requiring Plaintiff to respond to Defendant's Motion to Dismiss by no later than March 3, 2023, and reminding him of the requirement to notify the court and parties of any change in address within 30 days of such a change. ECF No. 20. That order also stayed the Defendant's deadline for filing a motion for summary judgment on the issue of exhaustion until further order of the Court.

On February 21, 2023, Plaintiff's copy of the Court's Order directing the Defendant to file a motion for summary judgment on the issue of exhaustion was returned as undeliverable and marked "RTS: unable to forward." ECF No. 21.  On March 1, 2023, the Court's Order directing the Plaintiff to respond to Defendant's Motion to Dismiss was returned as undeliverable and marked "RTS: unable to forward." ECF No. 22.  On March 6, 2023, the Court ordered Plaintiff to show cause by March 27, 2023 as to why this matter should not be dismissed for failure to prosecute because Plaintiff failed to update the Court with his current contact information as previously ordered. ECF No. 23.  On March 20, 2023, the Court's show cause order was returned as undeliverable. ECF No. 24.  Plaintiff's deadline to respond to the Court's show cause order has now passed and Plaintiff has failed to respond or communicate with this Court since filing the Amended Complaint (ECF No. 8) on November 1, 2022.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to

comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court and has failed to keep the Court updated of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 8) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge